UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RONNIE JAMES MONROE,**
**INSTITUTIONAL ID NO. 02127052,**

  Petitioner,

v.                                                                                     No. 4:24-cv-0942-P

**DIRECTOR, TDCJ-CID,**

  Respondent.

## OPINION AND ORDER

Before the Court is the petition of Ronnie James Monroe under 28 U.S.C. § 2254. Having considered the petition, response, reply,[1] record, and applicable authorities, the Court concludes that the petition must be **DISMISSED.**

## BACKGROUND

Petitioner is serving a sentence of life imprisonment imposed by a jury on April 7, 2017, following his conviction in Case No. 1491623 in the Criminal District Court No. 2, Tarrant County, Texas, for indecency with a child as a repeat offender. ECF No. 23-26 at 9–12. Petitioner appealed and his conviction was affirmed. *Monroe v. State*, No. 02-17-00118-CR, 2018 WL 4354398 (Tex. App.—Fort Worth Sept. 13, 2018, pet. Ref'd). On November 21, 2018, the Texas Court of Criminal Appeals ("CCA") refused his petition for discretionary review. *Id.*

On July 3, 2020, Petitioner signed his first state habeas application.[2] ECF No. 23–26 at 47. On October 28, 2020, the application was

---

[1]Petitioner did not need leave to file his reply. His motion is moot.

[2]Respondent treats each of Petitioner's state habeas applications as having been filed on the dates he signed them, assuming that he gave them to prison authorities for mailing on those dates. ECF No. 21 at 3, n.4. *See Richards v.*

dismissed by the CCA without written order. ECF No. 23–27. On January 18, 2022, Petitioner signed his second state habeas application. ECF No. 23–28 at 32. On November 9, 2022, the application was denied without written order. ECF No. 23–30. Finally, on March 11, 2024, Movant signed his third state application.[3] ECF No. 23–44 at 30. On June 5, 2024, the CCA dismissed the application as subsequent. ECF No. 23–45.

On August 16, 2024, Petitioner filed his federal habeas application. ECF No. 3.

## GROUNDS OF THE PETITION

Petitioner asserts four grounds in support of his petition:

(1) Petitioner's Due Process rights were violated when incriminating statements he made without having been read his *Miranda* rights were used against him at trial. ECF No. 3 at 5.[4]

(2) The State used false and misleading testimony at trial. ECF No. 3 at 7.

(3) Petitioner's conviction violated double jeopardy. ECF No. 3 at 8.

(4) The trial court violated Petitioner's right to Due Process by failing to hold a hearing regarding unresolved facts. ECF No. 3 at 10.

## STATUTE OF LIMITATIONS

---

*Thaler*, 710 F.3d 573 (5th Cir. 2013) (applying prison mailbox rule to state habeas applications).

[3]As Respondent notes, although Petitioner wrote "2022" on the date line, the rest of the application makes clear that the correct year was 2024. *See, e.g.,* ECF No. 23-44 at 34 ("Affidavit" in support of the application dated March 11, 2024).

[4]The page references to the petition are to "Page __ of 17" reflected at the top right portion of the document on the Court's electronic filing system and are used because the type-written numbers on the form used are not the actual page numbers of the document.

2

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable.

*United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

4

## ANALYSIS

In this case, Petitioner's judgment became final on February 19, 2019,[5] when the time for filing a petition for writ of certiorari expired. *Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009). He had one year in which to file his federal habeas application. He did not file his first state habeas application within the one-year period, so none of his state court filings serves to toll limitations. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Scott*, 227 F.3d at 263.

Petitioner alleges that he is entitled to an equitable exception to the statute of limitations based on actual innocence. ECF No. 3 at 13–14. He acknowledges that to meet the test he must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 14. To meet the exception, a petitioner must support his claim of actual innocence with "new, reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Petitioner has not come forward with any "new" evidence. Rather, he simply contends that the evidence presented at trial was not reliable. ECF No. 5 at 15.[6] In his reply, he refers to the state limitations period for bringing charges, which has no relevance to his actual innocence claim. ECF No. 24 at 3.[7] He is not entitled to use the actual innocence gateway.

---

[5]It appears that Respondent is mistaken in thinking that the judgment became final on February 21, 2019. ECF No. 21 at 9.

[6]The page reference is to "Page 15 of 23" reflected at the top right portion of the document on the Court's electronic filing system.

[7]The page reference is to "Page 3 of 8" reflected at the top right portion of the document on the Court's electronic filing system.

## CONCLUSION

For the reasons discussed, the petition is **DISMISSED** as untimely. The Court need not reach the merits of the claims.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **30th day of December 2024.**

*[signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE